Argued and submitted April 5, ballot titles certified April 20, 2000

Scott BARRIE
and Jon Chandler,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S47338)

Scott BARRIE
and Jon Chandler,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S47371)
(Consolidated for Argument and Opinion)

998 P2d 1270

David J. Hunnicutt, Oregonians in Action, Tigard, argued the cause and filed the petitions for petitioners.

Holly A. Vance, Assistant Attorney General, Salem, argued the cause and filed the answering memoranda for respondent. With her on the memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

In this consolidated ballot title review proceeding under ORS 250.085(2), petitioners challenge the ballot titles for Initiative Petitions 147 (2000) and 151 (2000). Petitioners are electors who timely submitted written comments concerning the content of the draft ballot titles submitted to the Secretary of State and who therefore are entitled to seek review of the ballot titles certified by the Attorney General. *See* ORS 250.085(2) (setting that requirement).

Initiative Petition 147 would allow governmental units to impose a "system development charge" to pay for costs associated with facilities or assets used for schools. Initiative Petition 151 would allow counties to impose an "impact fee" on new housing to finance new school construction and improvements to existing schools.

We have considered petitioners' arguments concerning the ballot titles certified by the Attorney General. We conclude that petitioners have not shown that the Attorney General's certified ballot titles fail to comply substantially with the standards for such ballot titles set out in ORS 250.035(2)(a) to (d) (1997).[1] *See* ORS 250.085(5) (setting out standard of review). Accordingly, we certify to the Secretary of State the following ballot title for Initiative Petition 147:

ALLOWS IMPOSITION OF "SYSTEM DEVELOPMENT CHARGE" FOR SCHOOL FACILITES, ASSETS

RESULT OF "YES" VOTE: "Yes" vote allows governmental unit to impose "system development charge" (defined) for school facilities, assets.

---

[1] The 1999 Legislature amended ORS 250.035 (1997). Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people of the general election held on the first Tuesday after the first Monday in November 2000 * * *."

The present proposed measures are ones to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035 (1997).

RESULT OF "NO" VOTE: "No" vote rejects allowing governmental unit to impose "system development charge" for school facilities, assets.

SUMMARY: Currently, governmental units may collect "system development charge"—defined as "reimbursement" or "improvement" fee (defined)—for costs associated with "capital improvement" (defined as facilities or assets used for: water, sewer, drainage systems; transportation; parks). Measure makes facilities or assets used for schools (kindergarten through 12th grade) a "capital improvement." School "improvement fee" may be used to acquire land, construct buildings only for particular development from which fee is collected. School property purchased, constructed shall not exceed that necessary for such development. Exemption: "affordable housing" (defined).

We certify to the Secretary of State the following ballot title for Initiative Petition 151:

## ALLOWS IMPACT FEE ON NEW-HOME PURCHASES TO FINANCE SCHOOLS

RESULT OF "YES" VOTE: "Yes" vote allows fee on new-home purchases to finance school construction, improvements, other uses.

RESULT OF "NO" VOTE: "No" vote rejects fee on new-home purchases to finance school construction, improvements, other uses.

SUMMARY: Measure allows county/school district agreement whereby county imposes impact fee on new housing to finance new school construction, improvements to existing schools. Also requires county to impose fee when district petitions with resolution describing fee purpose, uses, calculation, schedule. Resolution requires public hearing. Resolution adoption appealable. Under agreement or resolution, fee imposed with purchase price, for school "overcrowding" (undefined) only. Maximum fees: single-family home $3,000; apartment unit $2,000. Fee increases for inflation. County may waive, reduce fee for "affordable housing" (defined).

Ballot titles certified. This decision shall become effective in accordance with ORAP 11.30(10).